# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| Jessica Horn, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : **COMPLAINT** |
| ECPI University, | : |
| Defendant. | : **JURY TRIAL DEMANDED** |

For this Complaint, Jessica Horn ("Plaintiff"), by and through undersigned counsel, states as follows:

## INTRODUCTION

1. Plaintiff brings this action for damages, and injunctive and declaratory relief against Defendant ECPI University ("ECPI" or "Defendant") for its discriminatory practices. Defendant denied Plaintiff an opportunity to participate in, and receive an education of her choice, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehab Act").

2. Plaintiff is hearing impaired and requires the use of a sign language interpreter, or auxiliary aid.

3. ECPI is a for-profit college based in Virginia Beach, Virginia. *See* ECPI University, https://www.ecpi.edu/contact-ecpi (last visited Oct. 3, 2016); *http://www.help.senate.gov/imo/media/for_profit_report/PartII/ECPI.pdf* (last visited Oct. 3, 2016) (the "Senate Report").

1

4. Throughout her undergraduate education at a separate educational institution, Plaintiff requested, and was provided, sign language interpreters at no cost to her; this allowed Plaintiff to effectively communicate and participate in her classes.

5. On February 9, 2015 Plaintiff successfully enrolled in a course offered by ECPI's School of Health Science entitled "Phlebotomy Technician at Medical Careers Institute" (the "Phlebotomy Course").

6. Thereafter, Plaintiff met with ECPI Campus President Michael Heck ("Mr. Heck"), and asked ECPI to provide Plaintiff with a sign language interpreter for the Phlebotomy Course.

7. ECPI ultimately declined to provide Plaintiff with a sign language interpreter or any other accommodation for her disability.

8. By failing to make reasonable accommodations for Plaintiff in light of her disability, Defendant engaged in a discriminatory practice and effectively denied her the opportunity for an equal education.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because both Plaintiff and Defendant reside in this District, and a substantial portion of Plaintiff's claims took place in this District. Furthermore, Defendant is authorized to operate and conduct business in this District, and has availed itself to the laws of this District.

## PARTIES

11. At all relevant times mentioned herein, Plaintiff was an adult individual residing in Norfolk, Virginia, and an individual with a disability as defined by 42 U.S.C § 12102(1) and 29 U.S.C § 705(20).

12. Defendant is a for-profit undergraduate and graduate educational institution, with a primary mailing address of 5555 Greenwich Road, Virginia Beach, VA 23462. Defendant is a "public accommodation" as defined by 42 U.S.C § 12181(7)(J) and an "institution of higher education" a defined by 29 U.S.C § 705(23).

## THE AMERICANS WITH DISABILITIES ACT

13. The ADA is a civil rights law prohibiting discrimination against individuals with disabilities in many facets of life.

14. In 1990 Congress enacted the ADA, specifically finding that a physical or mental disability should not diminish a person's right to fully participate in all aspects of society. 42 U.S.C. § 12101(a)(1).

15. In ratifying the law, Congress recognized that discrimination against individuals with disabilities "persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services." 42 U.S.C. § 12101(a)(3).

16. The ADA serves to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and to provide "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities . . . ." 42 U.S.C. § 12101(b).

17. Moreover, the ADA explicitly prohibits any individual from being "discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

## THE REHABILITATION ACT OF 1973

18. The Rehab Act prohibits discrimination on the basis of disability in programs run by federal agencies and programs that receive federal financial assistance.

19. In 1973 Congress recognized that millions of Americans suffer from physical and mental disabilities and represent one of the most disadvantaged groups in society. 29 U.S.C. §§ 701(a)(1) and 701(a)(2).

20. Moreover, it found that "disability is a natural part of the human experience, and in no way diminishes the right of individuals to (A) live independently; (B) enjoy self-determination; (C) make choices; (D) contribute to society; (E) pursue meaningful careers; and (f) enjoy full inclusion and integration in the economic, political, social, and educational mainstream of American society." 29 U.S.C. § 701(a)(3).

21. Under the Rehab Act, no otherwise qualified individual with a disability "shall, solely, by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a).

## FACTUAL ALLEGATIONS

22. Plaintiff is an adult individual, who is hearing impaired. She is an "individual with a disability" pursuant to 29 U.S.C § 705(20) and her impairment meets the definition of a "disability" pursuant to 42 U.S.C § 12102(1).

23. ECPI is a for-profit educational institution, offering courses to both undergraduate and graduate students.

24. ECPI receives federal financial aid funding. In 2010, ECPI reported 74.5 percent of revenue from Title IV Federal financial aid programs. (Senate Report).

25. On its website, ECPI acknowledges it must comply with the ADA and Rehab Act, and claims "it is committed to assuring that students who meet the academic and technical requirements for admission to the University are not discriminated against and receive the accommodations required under Section 504 of the Federal Rehabilitation Act of 1973 and the Americans with Disabilities Act (ADA) OF 1990." *Facilities and Services for Students with Disablities,* ECPI, https://www.ecpi.edu/student-consumer-services/facilities-and-services-students-with-disabilities (last visited Oct. 3, 2016).

26. After Plaintiff completed her undergraduate education at Rochester Institute of Technology in May of 2013, Plaintiff successfully registered for ECPI's Phlebotomy Course on February 9, 2015; Plaintiff completed the Enrollment Agreement forms, Health Forms, and paid a $100 fee to ECPI in February 2015.

27. Plaintiff believed the Phlebotomy Course would serve as a stepping stone for her career in the medical field.

28. On or about February 9, 2015, Plaintiff and her mother met with ECPI's Campus President Michael Heck, and asked ECPI to provide her with a sign language interpreter for the Phlebotomy Course. The Phlebotomy Course was scheduled to begin on April 6, 2015

29. Thereafter, Mr. Heck communicated with Melissa Wilkins, a sign language interpreter, regarding sign language services for Plaintiff. Between February of 2015 and April of 2015 Ms. Wilkins and Mr. Heck exchanged several emails discussing fees for Ms. Wilkins's services.

30. On or about April 2, 2015, ECPI's Vice President, Barbara Larar, contacted Ms. Wilkins and suggested that she did not think Plaintiff would be able to physically handle a three hour lecture.

31. On April 6, 2015, mere hours before Phlebotomy Course was to begin, Ms. Larar advised Plaintiff and her mother that ECPI would not provide Plaintiff a sign-language interpreter.

32. ECPI knew its failure to provide Plaintiff a sign-language interpreter denied Plaintiff an equal opportunity to participate in the course.

33. Plaintiff provided ECPI ample notice that she would need an accommodation for the Phlebotomy Course in the form of a sign language interpreter.

34. Plaintiff's request for a sign language interpreter was reasonable and ECPI reasonably could have accommodated Plaintiff's request.

35. ECPI knew it was required to provide Plaintiff, a disabled individual, with a reasonable accommodation, and knowingly and willfully failed to do so.

36. ECPI's failure to accommodate was discriminatory in nature, in violation of the ADA and the Rehab Act.

## COUNT I
### Violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

37. Plaintiff repeats and re-alleges the above paragraphs of this Complaint and incorporates them herein by reference.

38. Plaintiff is a hearing-impaired, disabled individual who requires the assistance of a sign language interpreter, or similar auxiliary accommodation.

39. Plaintiff enrolled in an education course offered by Defendant and provided notice to Defendant she would need an accommodation for her disability.

40. Ms. Wilkins, a sign language interpreter, was available to accommodate Plaintiff's needs; Defendant could have reasonably hired Ms. Wilkins to assist Plaintiff, but willfully chose not to do so.

41. In failing to accommodate Plaintiff, Defendant knowingly and willfully discriminated against Plaintiff on the basis of her disability, in violation of 42 U.S.C. § 12182(a).

42. As a result of Defendant's discriminatory conduct, Plaintiff has suffered general and special damages, including but not limited to, mental distress and embarrassment.

43. Plaintiff additionally seeks injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT II
### Violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*

44. Plaintiff repeats and re-alleges the above paragraphs of this Complaint and incorporates them herein by reference.

45. Defendant is a for-profit educational institution for undergraduate and graduate students, which receives federal funding.

46. Plaintiff is a hearing-impaired, disabled individual who requires the assistance of a sign language interpreter, or similar auxiliary accommodation.

47. Plaintiff enrolled in a course offered by Defendant in February of 2015, and provided notice to Defendant she would need an accommodation for her disability.

48. In failing to take action to accommodate Plaintiff, Defendant knowingly and willfully discriminated against Plaintiff on the basis of her disability, in violation of 29 U.S.C. § 794(a).

49. As a result of Defendant's discriminatory conduct, Plaintiff has suffered general and special damages, including but not limited to, mental distress and embarrassment.

50. Additionally, Plaintiff seeks injunctive relief prohibiting such conduct by Defendant in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff the following relief against Defendant:

1. Injunctive relief, preventative relief, or any other relief the Court deems proper, enjoining Defendant from implementing or enforcing any policy, procedure, or practice that denies individuals with a disability, such as Plaintiff, equal access to participate in and benefit from Defendant's educational services;

2. declaratory relief that Defendant violated the ADA and Section 504 of the Rehab Act;

3. compensatory and punitive damages under the ADA and Section 504 of the Rehab Act;

4. attorneys' fees and costs of litigation;

5. such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 5, 2016

Respectfully submitted,

By: */s/ Alexander H. Bell*
Alexander H. Bell, Esq.
VSB No. 84859
The Law Office of Alexander H. Bell
101 West Main Street, Suite 101
Norfolk, Virginia 23510
Telephone: (757) 651-5017
Facsimile: (757) 257-7432
Alex@AlexBellLaw.com

Of Counsel To:
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
*Attorneys for Plaintiff*